## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| KEITH DAWNE PURDIE, | ) | 8:15CV155 |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| BRIAN GAGE, | ) | |
| Respondent. | ) | |

This matter is before the Court on Respondent's Motion for Summary Judgment (Filing No. 13). Respondent argues Petitioner Keith Dawne Purdie's Petition for Writ of Habeas Corpus (Filing No. 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). For the reasons discussed below, the Court agrees.

## I. BACKGROUND

### A. Conviction and Direct Appeal

On January 21, 2009, Purdie pled no contest to attempted first-degree sexual assault of a child in the District Court of Colfax County, Nebraska. (Filing No. 12-6 at ECF 24–25.) The prosecutor offered the following factual basis in support of Purdie's plea:

> On November 29, 2007, the Colfax County Sheriff's Department received a report of a sexual assault that occurred at Colfax County, Nebraska. The reporting party identified as A.D., date of birth 12/11/95 reported that her stepfather, the defendant before the Court, Keith Purdie, had sexually assaulted her in their home in Leigh, Nebraska.
>
> The investigation revealed that the defendant between the dates of November - - excuse me, between December 11, 2001 and November 29, 2007, in Leigh, Nebraska, Colfax County, had sexual intercourse with the victim by means of inserting his penis in her vagina at a time when the victim was under the age of 12 and the defendant whose date of birth was July 20, 1959 was over the age of 19.

All events did occur in Colfax County, Nebraska.

(Filing No. 12-6 at ECF 26–27.) On July 8, 2009, a state district court judge sentenced Purdie to 20 to 36 years' imprisonment. (Filing No. 12-6 at ECF 33.)

Purdie appealed his conviction and sentence, but the Nebraska Court of Appeals denied relief on January 20, 2010. (Filing No. 12-1 at ECF 2.) The Nebraska Supreme Court denied a petition for further review on March 10, 2010. (Filing No. 12-1 at ECF 2.)

**B.     State Court Petitions Seeking Release From Custody**

On April 26, 2012, Purdie filed a petition for writ of habeas corpus in the state district court seeking transfer to the custody of the Department of Veterans Affairs. (Filing No. 12-3 at ECF 1.) Later, on August 17, 2012, he filed a "Petition for a Person Alleged to Be Mentally Ill," in which he argued he should not be incarcerated because he is mentally ill. (Filing No. 12-4 at ECF 1–2.)

The state district court summarily denied both petitions in two separate decisions. (Filing No. 12-3 at ECF 3; Filing No. 12-4 at ECF 4.) Purdie appealed both decisions, but Nebraska's appellate courts denied relief. (Filing No. 12-1 at ECF 5 & 8.)

**C.     Post-conviction Motion and Appeal**

Purdie filed a post-conviction motion in the state district court on January 28, 2013, seeking DNA testing of evidence. (Filing No. 12-5 at ECF 1–6.) The state district court judge denied relief. Thereafter, the Nebraska Court of Appeals affirmed the state district court judge's order, and the Nebraska Supreme Court denied a petition for further review. (Filing No. 12-1 at ECF 11.)

**D.      Federal Habeas Corpus Petition**

Purdie filed his habeas corpus petition (Filing No. 1) in this Court on April 30, 2015. Thereafter, Respondent moved for summary judgment (Filing No. 13), arguing the petition is barred by the statute of limitations. Purdie opposed the motion (Filing Nos. 17 & 19). This matter is fully submitted for disposition.

## II. ANALYSIS

**A.      One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled while state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Here, Purdie's state court judgment became final on June 8, 2010, which is 90 days after the Nebraska Supreme Court affirmed his conviction and sentence. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (holding that a judgment is final, under 28 U.S.C. § 2244(d)(1)(A), at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for a writ of certiorari with the United States Supreme Court). Thus, Purdie had until June 8, 2011, to file for federal habeas corpus relief, but he did not do so until April 30, 2015. The time during which Purdie's postconviction action was pending did not toll the one-year limitations

3

period because the limitations period had already expired when Purdie filed his post-conviction motion. Therefore, Purdie's petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

**B.     Actual Innocence**

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner who seeks to overcome the statute of limitations upon a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 329.

Purdie argues he discovered during the post-conviction proceedings that the prosecution suppressed evidence during the trial-court proceedings that would have demonstrated he was innocent of the attempted first-degree sexual assault. (*See generally* Filing No. 17.) However, Purdie does not identify any new, reliable evidence that shows it was more likely than not that no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt of attempted first-degree sexual assault. Indeed, he did not present the Court with any reason to excuse him from the procedural bar of the statute of limitations under the miscarriage of justice exception. In addition, he did not

4

argue he is entitled to equitable tolling of the limitations period. For these reasons, the Court finds Purdie is not entitled to relief in this case.

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Purdie has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. For this reason, the Court will not issue a certificate of appealability in this case. Accordingly,

IT IS ORDERED:

1. Respondent's Motion for Summary Judgment (Filing No. 13) is granted.

2. This case is dismissed with prejudice and the Court will not issue a certificate of appealability in this matter.

3. The Court will enter judgment by a separate document.

DATED this 20th day of November, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge