# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH DAWNE PURDIE, | ) | 8:15CV155 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| BRIAN GAGE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner Keith Dawne Purdie's post-judgment motion entitled "Motion for New Trial Hearing" (Filing No. 23). The Court liberally construes the motion as one filed pursuant to Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure. Also pending are Purdie's Motion for Leave to Appeal in Forma Pauperis (Filing No. 26) and Motion for Certificate of Appealability (Filing No. 27).

## POST-JUDGMENT MOTION

Rule 59(e) permits a motion to alter or amend judgment if filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Under Federal Rule of Civil Procedure 60(b)(6), "the court may relieve a party or its legal representative from a final judgment [or] order," for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. . . . [A] motion for reconsideration [may not] serve as the occasion to tender new legal theories for the first time." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)).

Here, Purdie merely repeats arguments he made in his prior filings in this case. The Court has already considered these arguments and determined Purdie is not entitled to

relief. For the reasons already provided by this Court, Purdie's petition for writ of habeas corpus is untimely under 28 U.S.C. § 2244(d)(1)(A). In addition, he did not identify any new, reliable evidence showing he is actually innocent of attempted first-degree sexual assault of a child.

## MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

Purdie filed a Notice of Appeal (Filing No. 25) and a Motion for Leave to Appeal in Forma Pauperis (Filing No. 26) on December 29, 2015. He appeals from a judgment entered on November 20, 2015. Purdie's Notice of Appeal is timely because he filed the post-judgment motion discussed above on December 2, 2015. *See* Fed. R. Civ. App. 4(a)(4).

The Court has reviewed Purdie's prisoner account statement (Filing No. 7) and finds he is entitled to proceed in forma pauperis on appeal.

## MOTION FOR CERTIFICATE OF APPEALABILITY

Purdie filed a Motion for Certificate of Appealability (Filing No. 27) on December 29, 2015. The Court previously determined it would not issue a certificate of appeability in this case, and it finds no reason to reconsider this decision. Therefore, the Court will not issue a certificate of appealability for the reasons provided in the Court's Memorandum and Order dated November 20, 2015 (Filing No. 21 at ECF 5). Accordingly,

IT IS ORDERED:

1. Purdie's "Motion for New Trial Hearing" (Filing No. 23) is denied;

2. Purdie's Motion for Leave to Appeal in Forma Pauperis (Filing No. 26) is granted; and

3. Purdie's Motion for Certificate of Appealability (Filing No. 27) is denied without prejudice to reassertion before the Eighth Circuit Court of Appeals.

DATED this 14th day of January, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge